THE FOLLOWING ORDER
IS APPROVED AND ENTERED
AS THE ORDER OF THIS COURT:

DATED: December 11, 2019



G. Michael Halfenger
Chief United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

In re:

Suzanne M. Braatz,　　　　　　　　　　Case No. 19-23517-gmh
　　　　　　　　　　　　　　　　　　　　Chapter 7
　　　Debtor.

---

Suzanne M. Braatz,

　　　Plaintiff,

　　　v.　　　　　　　　　　　　　　　Adv. Proc. No. 19-02088-gmh

Check and Cash LLC,

　　　Defendant.

**DECISION AND ORDER ON PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT**

　　　Debtor Suzanne Braatz alleges that Check and Cash LLC violated 11 U.S.C. §362(a)'s automatic stay and the Wisconsin Consumer Act when it garnished $266.92 from her paycheck about two weeks after she filed her chapter 7 case, despite notice

and the opportunity to prevent the garnishment. Check and Cash did not file an answer, so Braatz moved for a default judgment. In support of the motion, Braatz attested, "A few weeks after filing this adversary proceeding, I received a check for the garnished amount of $266.92." ECF No. 4, at 4, ¶5. Still, she seeks compensatory damages for financial and emotional injuries caused by Check and Cash's misconduct and punitive damages. The court ordered Braatz to file a brief explaining, among other things, the legal basis for her entitlement to each type of relief that she seeks and whether governing law permits the court to grant each such type of relief, which she did.

I

A

The complaint's well-pleaded factual allegations—which, given Check and Cash's default, "are taken as true", see *VLM Food Trading Int'l, Inc. v. Illinois Trading Co.*, 811 F.3d 247, 255 (7th Cir. 2016) (quoting *Dundee Cement Co. v. Howard Pipe & Concrete Prod., Inc.*, 722 F.2d 1319, 1323 (7th Cir. 1983))—are sufficient to show that Check and Cash willfully violated the §362(a) stay. The court infers from the allegations that Check and Cash garnished Braatz's wages (or failed to prevent the garnishment of her wages) after she commenced her chapter 7 case. The garnishment was minimally an "act to collect . . . a claim against the debtor that arose before the commencement of the case", in violation of §362(a)(6). Check and Cash took these actions despite receiving notice that the case was pending (which renders its stay violation willful). See *In re Radcliffe*, 563 F.3d 627, 631 (7th Cir. 2009) ("A willful violation does not require specific intent to violate the stay; it is sufficient that the creditor takes questionable action despite the awareness of a pending bankruptcy proceeding."); see also *Chase Lumber & Fuel Co. v. Koch (In re Koch)*, 197 B.R. 654, 660 (Bankr. W.D. Wis. 1996) ("[C]ourts have consistently placed an affirmative duty on garnishing creditors to stop garnishment proceedings once notified of the bankruptcy filing" and, "[a]t a minimum", a garnishing creditor has

"a duty to stop the completion of what [are] arguably mere ministerial tasks by" the debtor's employer in garnishing the debtor's wages pursuant to a garnishment order.).

### B

Under §362(k)(1), "an individual injured by any willful violation of a stay provided by [§362] shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages." Braatz argues that this provision allows this court to award her compensatory damages for attorney's fees and emotional injury, as well as punitive damages, arising from Check and Cash's willful violation of the §362(a) stay. See ECF No. 13, at 2–9.

### 1

Braatz is entitled to recover compensatory damages for attorney's fees under §362(k)(1), which expressly requires that the court award such damages under the circumstances. See *Aiello v. Providian Fin. Corp.*, 239 F.3d 876, 880 (7th Cir. 2001) (Section 362(k)—then designated as §362(h)—provides for "relief designed to redress any financial injury inflicted by the violation of the automatic stay", including damages to compensate a debtor for "legal costs" resulting from a creditor's "misconduct . . . in violating the automatic stay".). Braatz's attorney attested that the fees incurred as a result of Check and Cash's willful stay violation totaled $1,180 through August 26, 2019. ECF No. 9, at 1. These fees are reasonable. Accordingly, Braatz is entitled to a damages award of $1,180.

### 2

Braatz is not entitled to recover compensatory damages for emotional injury under §362(k)(1), however. Although §362(k)(1) requires an award of "actual damages" for harm resulting from a willful violation of the §362(a) stay, and "actual damages" could include damages for emotional injury, the Seventh Circuit indicated in *Aiello* that §362(k)(1) does *not* authorize the award of such damages.

*Aiello* explains that "[t]he office of section 362(h)"—since redesignated as §362(k)

by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, Pub. L. No. 109–8, §305(1)(B), 119 Stat. 23, 79—"is not to redress tort violations but to protect the rights conferred by the automatic stay". 239 F.3d at 880. With respect to the protection of those rights, *Aiello* says:

> The automatic stay is primarily for the protection of the unsecured creditors as a group. The stay prevents (without need to ask a court for an injunction) a race by the creditors to seize the debtor's assets, a race that by thwarting the orderly liquidation of those assets would yield the creditors as a group less than if they are restrained. But it is also for the debtor's protection, most obviously in a case . . . where the debtor is being asked to waive his right to a discharge of debts, the right that is at the heart of the "fresh start" rationale of bankruptcy. A debtor bludgeoned into waiving his right of discharge is denied the protection of bankruptcy law.
>
> **That protection, however, is financial in character; it is not protection of peace of mind.** Bankruptcy is a harrowing experience, for the bankrupt but sometimes for the creditors as well. The Bankruptcy Code was not drafted with reference to the emotional incidents of bankruptcy, however, and bankruptcy judges are not selected with reference to their likely ability to evaluate claims of emotional injury.

*Id.* at 879–80 (emphasis added) (citations omitted); see also *Taggart v. Lorenzen*, 139 S. Ct. 1795, 1804 (2019) ("A stay aims to prevent damaging disruptions to the administration of a bankruptcy case in the short run.").

*Aiello* clarifies, though, that debtors who suffer emotional injuries "in the course of a bankruptcy proceeding" are not "orphans of the law." *Id.* at 880. "A creditor who resorts to extortion or intimidation", for example, "exposes himself to a suit under state tort law" to which "[t]he automatic stay is not an obstacle, because it does not apply to suits by the debtor." *Id.* In other words, "the normal tort remedies against oppressive debt-collection tactics" are available to debtors, but §362(k) does not afford a vehicle for redressing emotional injuries resulting from acts that violate §362(a)'s stay on debt collection. *Id.* at 881.

*Aiello* allows that a bankruptcy court may be able to hear a claim for emotional-

distress injuries along with a claim for damages under §362(k)(1):

> The interest in judicial economy . . . might allow the court to "top off" relief designed to redress any financial injury inflicted by the violation of the automatic stay with an award of damages for incidental harms, perhaps including emotional distress if adequately proved, to spare the debtor from having to bring two suits.

*Id.* at 880 (citations omitted). That is, where a debtor can show that, because of a stay violation, she suffered "a financial loss, she might be permitted to piggyback a claim for damages for incidental emotional distress." *Id.* at 881. Such a debtor, though, cannot recover emotional-distress damages under §362(k)(1) itself and must instead assert a separate claim for which such damages are recoverable. Accordingly, Braatz's request for emotional distress damages under §362(k)(1) is denied.

3

Braatz also requests an award of punitive damages. Section 362(k)(1) provides for punitive damages for stay violations, but only "in appropriate circumstances".

The Seventh Circuit has not explored what constitutes "appropriate circumstances" for an award of punitive damages under §362(k)(1)—though it has suggested that a bankruptcy court awarding punitive damages under §362(k)(1) exercises an implied "criminal contempt power". See *Cox v. Zale Delaware, Inc.*, 239 F.3d 910, 917 (7th Cir. 2001); cf. *Lightspeed Media Corp. v. Smith*, 830 F.3d 500, 508 (7th Cir. 2016) ("[C]ontempt is criminal 'if its purpose is to punish the contemnor, vindicate the court's authority, or deter future conduct.'" (quoting *United States v. Dowell*, 257 F.3d 694, 699 (7th Cir. 2001))). Other circuit courts that have addressed that issue have considered, among other things, whether the misconduct at issue was "reprehensible" or "egregious" or demonstrated "reckless or callous disregard for the law or rights of others". See, e.g., *Lansaw v. Zokaites (In re Lansaw)*, 853 F.3d 657, 671 (3d Cir. 2017); *Monge v. Rojas (In re Monge)*, 826 F.3d 250, 256 (5th Cir. 2016); *Snowden v. Check Into Cash of Washington Inc. (In re Snowden)*, 769 F.3d 651, 657 (9th Cir. 2014). Minimally, that

§362(k)(1) *requires* an award of "actual damages" to "an individual injured by any willful violation" of the §362(a) stay but merely *permits*, "in appropriate circumstances," an award of "punitive damages" suggests that when a stay violation is no worse than "willful", in the ordinary sense, i.e., intentional or deliberate, an award of punitive damages is not warranted. The violative conduct must also be egregious or reprehensible.

Here, even taking as true everything alleged in the complaint, Check and Cash's conduct was not sufficiently egregious or reprehensible to justify a punitive damages award. The court cannot reasonably find that Check and Cash acted with reckless or callous (as opposed to simply careless) disregard of the law or Braatz's rights. Therefore, the court will not award punitive damages under §362(k)(1).

II

In addition to violating the stay provided by §362(a), Braatz also claims that Check and Cash violated the Wisconsin Consumer Act. She alleges that, in garnishing her wages (or failing to prevent the garnishment of those wages), Check and Cash violated two provisions of the Act, Wis. Stat. §427.104(1)(h) & (j), which respectively provide that a debt collector "attempting to collect an alleged debt arising from a consumer credit transaction or other consumer transaction . . . may not . . . [e]ngage in . . . conduct which can reasonably be expected to threaten or harass the customer or a person related to the customer" or "[c]laim, or attempt or threaten to enforce a right with knowledge or reason to know that the right does not exist".

A

The facts alleged in the complaint are insufficient to show that Check and Cash violated the Wisconsin Consumer Act by engaging in conduct that could "reasonably be expected to threaten or harass the customer", as prohibited by Wis. Stat. §427.104(1)(h). Simply receiving wages garnished from a paycheck pursuant to a (presumably) lawful court order (or failing to prevent such a garnishment) can hardly be considered such

conduct, automatic stay or not.

B

Consequently, whether Braatz's complaint states a claim under the Act turns on whether Check and Cash's receipt of Braatz's garnished wages, in violation of §362(a)'s stay on collection activities, was a "claim, or attempt or threat[] to enforce a right" that did not exist, as prohibited by Wis. Stat. §427.104(1)(j). That's a question of state law.

"'When interpreting state law, a federal court's task is to determine how the state's highest court would rule.' If the state's supreme court has not yet addressed the issue, the federal court [must] . . . predict how the supreme court would act given the chance . . . ." *In re Zimmer, NexGen Knee Implant Prods. Liab. Litig.*, 884 F.3d 746, 751 (7th Cir. 2018) (citation omitted) (quoting *Rodas v. Seidlin*, 656 F.3d 610, 626 (7th Cir. 2011)).

The Wisconsin Supreme Court's decision in *Kett v. Community Credit Plan, Inc.*, 596 N.W.2d 786 (Wis. 1999), supports Braatz's argument that Check and Cash's misconduct violated Wis. Stat. §427.104(1)(j). In *Kett*, the court held that a creditor violated that statute when it repossessed vehicles pursuant to default judgments entered in replevin actions that it brought against customers "in violation of the [applicable] venue statute". See *Id.* at 791. The court affirmed the appeals court's conclusion that the creditor "had a duty to know" that its chosen venue was "not the proper venue" and that its "filing of a replevin action in [the wrong county] was an attempt to enforce a right it had reason to know did not exist." *Id.* at 797–98. Arguably, Check and Cash's act to collect an otherwise valid debt at the wrong *time*, i.e., when prohibited by §362(a), is akin to the *Kett* creditor's attempt to collect on an otherwise valid debt in the wrong *place*, i.e., where prohibited by the applicable venue statute. *Kett*'s reasoning thus seems easily extended to reach the conclusion that Check and Cash violated the Wisconsin Consumer Act when it received Braatz's garnished wages while stayed from doing so.

But the Wisconsin Supreme Court more recently took a different tack in *Security

*Finance v. Kirsch*, 926 N.W.2d 167 (Wis. 2019). Security Finance sued Kirsch to collect a delinquent loan. Kirsch counterclaimed, alleging that Security Finance violated Wis. Stat. §427.104(1)(j) because it did not give Kirsch notice and an opportunity to cure the default, as required by Wis. Stat. §§425.104 & 425.105. The court affirmed the dismissal of Kirsch's counterclaim, reasoning that Security Finance's failure to provide notice of the default and the opportunity to cure it did not mean that its right to payment did not exist. See 926 N.W.2d at 177.

*Security Finance* expressly limits *Kett*. The court noted, among other things, that the creditor in *Kett* not only obtained replevin judgments in a venue that it knew or should have known was improper but "then physically repossessed [its collateral] before the circuit court vacated the judgments." *Id.* at 176. The court continued, "*Kett*'s holding regarding Wis. Stat. § 427.104 is limited to situations where a replevin judgment is obtained and enforced in an improper venue." *Id.* at 177.

Like the state-law notice requirement at issue in *Security Finance*, §362(a) did not eliminate Check and Cash's right to collect from Braatz. Section 362(a) instead stayed Check and Cash's ability to exercise that right (other than through the claims allowance process in the bankruptcy case). In light of *Security Finance*, the allegations of misconduct by Check and Cash in Braatz's complaint are insufficient to show that it claimed, attempted, or threatened to enforce a right that did not exist. Accordingly, the complaint fails to state a claim under Wis. Stat. §427.104(1)(j), and Braatz is limited to the relief available to her under §362(k)(1) of the Bankruptcy Code: compensatory damages for financial injuries resulting from Check and Cash's willful violation of the stay provided by §362(a).

### III

For these reasons, IT IS ORDERED that Suzanne Braatz's motion for a default judgment is granted in part and denied in part. The clerk will enter judgment in Braatz's favor in the amount of $1,180 to compensate her for Check and Cash LLC's

willful violation of the stay provided by 11 U.S.C. §362(a), pursuant to §362(k)(1), and dismiss all other claims.

#####